Murawski v Bisso (2019 NY Slip Op 01336)





Murawski v Bisso


2019 NY Slip Op 01336


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


8493N 114664/11

[*1] William Murawski, Plaintiff-Appellant,
v
Richard Bisso, Defendant-Respondent.


Law Office of Jay Stuart Dankberg, New York (Jay Stuart Dankberg of counsel), for appellant.
Miller, Leiby & Associates, P.C., New York (Jeffrey R. Miller of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 25, 2016, which denied plaintiff's motion to vacate a default, unanimously affirmed, without costs.
Plaintiff moved to vacate an order entered against him upon his default in opposing defendant's motion to dismiss. Supreme Court denied the motion, finding that even if plaintiff had a reasonable excuse for the default, his claims were time-barred. Contrary to plaintiff's contention, defendant adequately pleaded an affirmative defense and it is otherwise clear that the first three causes of action in the complaint were barred by the statute of limitations.
Plaintiff also failed to show that his claim for intentional exposure to toxic chemical substances occurred within any applicable statute of limitations. His claim arises from alleged exposure to oil based paint used in public areas of the building owned by defendant landlord. His own affidavit indicates that the first exposure occurred before a July 19, 2006 stipulation made in Housing Court. This claim was not interposed until sometime in 2011, at the earliest. Although plaintiff claims that such exposure continued, it was described as resulting from "touch up[s]" to common hallways and did not identify the timing of any of these incidents. Such a conclusory affidavit is insufficient to establish that he timely interposed these claims, let alone that they have substantive merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK